UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-229-FDW

| | |
|---|---|
| MYRON SHAMON GREGORY EL BEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EIGHT PERT TEAM OFFICERS, )<br>FNU COLE, R. ALLEN, )<br>)<br>Defendants. )<br>) | **ORDER** |

**THIS MATTER** is before the Court on an initial review of Plaintiff's pro se complaint that was filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1).

### I.    BACKGROUND

Plaintiff is a prisoner of the State of North Carolina. In his § 1983 complaint Plaintiff raises allegations that he was subjected to excessive force in December 2013 when he was placed in full restraints during a search of his cell. Plaintiff contends that he suffered serious physical injury during this incident and he is seeking to recover monetary damages from each defendant.

### II.    STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint— (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or

delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

### III.     DISCUSSION

Plaintiff is a prisoner of the State of North Carolina and as such his pro se § 1983 complaint must conform to the provisions of the Prisoner Litigation Reform Act ("PLRA") which provides that a prisoner must exhaust his administrative remedies prior to the commencement of a civil action under § 1983. The PLRA provides, in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life and the Court noted that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). The Porter Court went on to stress that the exhaustion requirement must be met before commencement of the suit. Id. Whether an inmate has properly exhausted his administrative remedies is a matter to be determined by referencing the law of the state where the prisoner is housed and where the allegations supporting the complaint arose. See Jones v. Bock, 549 U.S. 199, 218 (2007) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Corr. Health Servs., 407 F.3d 674 (4th Cir. 2005). Indeed, failure to exhaust administrative remedies is an affirmative defense, but the Court is not prohibited from sua sponte examining the issue of exhaustion in reviewing the complaint. As the Fourth Circuit observed:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

Anderson, 407 F.3d at 683.

In North Carolina, prisoners must complete a three-step administrative remedy procedure (ARP) in order to fully exhaust their administrative remedies. See N.C. Gen. Stat. §§ 148-118.1 to 148-118.9; see also Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008). Plaintiff states in his complaint that he participated in Step Two of the ARP but indicates that he has received no further information regarding the outcome of his apparent appeal. (Doc. No. 1 at 2). Along with his complaint, Plaintiff filed a document that is dated April 8, 2014, and therein he requests copies of the documents associated with his participation in Steps One and Two of the ARP. (Doc. No. 4 at 7-9).

Based on the record before the Court, it appears that Plaintiff has failed to fully exhaust his administrative remedies prior to filing his § 1983 complaint because he has not yet appealed the denial of his Step Two grievance. Accordingly, Plaintiff's complaint will be dismissed without prejudice to his ability to refile the complaint and submit proof that he has fully exhausted his state administrative remedies.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

**IT IS FURTHER ORDERED** that Plaintiff's motion to compel discovery is **DENIED**. (Doc. No. 5).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: May 5, 2014

Frank D. Whitney
Chief United States District Judge

7